HEATHER FERBERT, City Attorney
JEAN JORDAN, Assistant City Attorney
JULIE RAU, Lead Deputy City Attorney
California State Bar No. 317658
IAN G. WILLIAMSON, Deputy City Attorney
California State Bar No. 185740
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856
    E-Mail: IWilliamson@sandiego.gov
           JRau@sandiego.gov

Attorneys for Plaintiff
CITY OF SAN DIEGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as U.S. Secretary of Homeland Security; U.S. DEPARTMENT OF DEFENSE; PETE HEGSETH, in his official capacity as U.S. Secretary of Defense; JOHN PHELAN, in his official capacity as U.S. Secretary of the Navy; JUSTIN DE LA TORRE, in his official capacity as Chief Patrol Agent of the San Diego Sector of the U.S. BORDER PATROL; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; AND DOES 1 – 100, INCLUSIVE,<br><br>    Defendants. | Case No. '26CV0052 AGS BJW<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.    This action arises out of the illegal and unauthorized construction of razor wire fencing at or near the U.S.-Mexico border on land that is owned by the

1

CITY OF SAN DIEGO. The fence is being constructed by U.S. Marines. Some of the property has been held by the CITY for more than a century and is essential to the CITY's obligations under the Multiple Species Conservation Program. The CITY, State of California, and federal government (through the U.S. Fish & Wildlife Service) previously entered into an agreement to preserve and protect the land as critical environmental habitats.

2. The photo below is an example of the fence being constructed.



**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1346 because this case involved federal questions and federal defendants. This Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202 *et seq*.

/ / /

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) because the events and actions giving rise to this suit occurred in the City of San Diego, California within the bounds of this District.

5. The federal government has waived sovereign immunity from suit for these claims for non-monetary relief pursuant to 5 U.S.C. § 702.

**PARTIES**

6. The CITY OF SAN DIEGO is a municipal corporation organized and existing under and by virtue of the State of California and is a charter city. The CITY owns property in Marron Valley by the U.S.-Mexico border which is the subject matter of this suit.

7. The U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is an executive department of the United States federal government. The DHS is an "agency" within the meaning of the Administrative Procedure Act, United States Code § 701(b)(1). The DHS is responsible for some of the governmental actions at issue in this lawsuit.

8. KRISTI NOEM is sued in her official capacity as U.S. Secretary Of Homeland Security. CITY is informed and believes that in that capacity, Secretary Noem has oversight, dominion and/or control over the individuals and/or actions which are the subject matter of this suit as the events subject hereto are believed to be conducted at the behest of the U.S. Department of Homeland Security and/or by its personnel or contractors.

9. The U.S. DEPARTMENT OF DEFENSE ("DOD") is an executive department of the United States federal government. The DOD is responsible for some of the governmental actions at issue in this lawsuit.

10. PETE HEGSETH is sued in his official capacity as U.S. Secretary of Defense. CITY is informed and believes that in that capacity, Secretary HEGSETH has oversight, dominion and/or control over the individuals and /or actions which are the subject matter of this suit as the events subject hereto are believed to be

conducted at the behest of the U.S. Department of Defense and/or by its personnel or contractors.

11. JOHN PHELAN is sued in in his official capacity as U.S. Secretary of the Navy. CITY is informed and believes that in that capacity, Secretary PHELAN has oversight, dominion and/or control over the individuals and /or actions which are the subject matter of this suit as the events subject hereto are believed to be conducted at the behest of the U.S. Department of the Navy and/or by its personnel or contractors – specifically that members who identified themselves as U.S. Marines were observed to be participating in the events at issue herein and indicated that they intended to continue doing so.

12. JUSTIN DE LA TORRE is sued in his official capacity as Chief Patrol Agent of the San Diego Sector for U.S. Border Patrol. CITY is informed and believes that in that capacity, Defendant Chief De La TORRE has oversight, dominion and/or control over the actions which are the subject matter of this suit and/or the personnel or contractors carrying out the work.

13. RODNEY SCOTT is sued in his official capacity as Commissioner of U.S. Customs and Border Protection. CITY is informed and believes that in that capacity, Commissioner SCOTT has oversight, dominion and/or control over the actions which are the subject matter of this suit and/or the personnel or contractors carrying out the work.

14. DOES 1 through 20, inclusive, are officers or agencies of the federal government whose roles in the present dispute are currently unknown. Does 21 through 100, inclusive, are individual employees, officer, agents or contractors of the federal government whose identities and roles in the present dispute are currently unknown. The CITY does not know the true names or capacities of said Defendants but prays that the same may be alleged in this complaint when ascertained.

/ / /

# FACTUAL ALLEGATIONS

15. The CITY owns property known generally as Marron Valley, which is in the southern San Diego County area in the State of California. The CITY property is depicted in the map below:



16. The Subject Property is environmentally sensitive land. It is part of the Multiple Species Conservation Plan to preserve a critical habitat and open space, protect biodiversity, and enhance the region's quality of life.

17. In 1997, the CITY, the California Department of Fish and Game (currently known as the California Department of Fish and Wildlife), and the U.S. Fish and Wildlife Service entered into the Cornerstone Lands Conservation Bank Agreement to preserve and protect the land as critical environmental habitats. The Agreement is attached as Exhibit 1 and is incorporated fully by reference.

18. This property includes parcel numbers 650-200-01, 650-210-01, and 650-220-01 (collectively referred to as the "Subject Property").

19. The Subject Property abuts the U.S.-Mexico border.

20. In December of 2025, the CITY discovered that employees, agents, officers, or contractors of Defendants had been and were on CITY property in

Marron Valley without consent from or notice to the CITY.

21. The CITY observed the presence of unpermitted trespass on the CITY's land near the U.S.-Mexico border in the form of:

    A. Approximately a dozen individuals identified as U.S. Marines from the Marine Corps Air Ground Combat Center and the National Guard;

    B. Defendants' ongoing construction of a pyramid stack of three rows of concertina wire fence on CITY property as shown in the photo above;

    C. Traversed trails and pathways in environmentally-protected areas;

    D. Physical survey markers such as survey stakes and spikes, markers, and tape;

    E. Excessive trash (including but not limited to unused concertina wire and discarded wooden pallets) and debris;

    F. Parked and abandoned vehicles;

    G. Surveillance equipment for which previously-granted permission had expired; and

    H. Tire tracks through brush and waterways.

22. Defendants' construction of the concertina wire fence (referred to herein as the "Border Barrier") on CITY property near the U.S.-Mexico border is ongoing.

23. On information and belief, Defendants are expected to finish the construction of the Border Barrier in approximately one week.

24. Defendants have placed, and continue to place, the construction materials and debris on CITY property that has caused and will continue to cause property damage and adverse environmental impacts.

25. The Border Barrier is constructed on CITY land and blocks access to CITY land. The presence of the Border Barrier precludes the CITY from unfettered access to its property making it virtually impossible for the CITY to completely assess its property and assure compliance with existing environmental regulations

and agreements.

26. The construction of and access to where the Border Barrier has been constructed and is being constructed has done irreparable damage to plants on CITY property.

27. The construction of and access to where the Border Barrier has been and is being constructed has done and is doing damage to wildlife habitats including habitats for endangered and otherwise protected species.

28. The construction of and access to where the Border Barrier has been and is being constructed has done and is doing damage to riparian habitats for endangered and protected species.

29. The construction of and access to where the Border Barrier has been and is being constructed has done and is doing damage to vernal pools which are home to endangered and protected species.

30. The CITY is informed and believes that the ongoing presence of humans and equipment as well as the noises and vibrations caused by the construction of the Border Barrier is likely to cause disruption to the protected environment and wildlife on CITY property.

31. The access to and construction of the Border Barrier potentially places the CITY in violation of the Cornerstone Lands Agreement.

32. At no time did Defendants seek or obtain the CITY's consent to build the Border Barrier at issue.

33. At no time did Defendants give public notice of, or seek public comment on, their intention to build the Border Barrier on CITY property.

## FIRST CAUSE OF ACTION
### Trespass

34. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated here.

/ / /

35. California law furnishes a cause of action for trespass based upon a defendant's wrongful invasion or interference with a plaintiff's interest in the exclusive possession of its land. (CACI 2000.)

36. The CITY's pursuit of injunctive relief for the Defendants' continuing trespass pursuant to the waiver of sovereign immunity is granted under section 702 of the Administrative Procedures Act. (5 U.S.C. § 702.)

37. The Subject Property, upon which the Defendants are illegally constructing the Border Barrier, is under the CITY's sole jurisdiction, ownership, and control.

38. The CITY has a clear duty and interest to maintain control over its public property and in ensuring that its property remains free from unlawful obstructions.

39. The CITY is bound to comply with statutory and contractual environmental regulations that bind the land including but not limited to the Cornerstone Lands Agreement (Exhibit 1).

40. Defendants' unlawful trespass on and over CITY property have placed and continues to place the CITY in jeopardy of being in violation of the environmental regulations that bind the land.

41. Defendants' unlawful trespass on and over CITY property has caused and will continue to cause property damage and environmental harm.

42. Defendants' construction and placement of the Border Barrier on CITY property is illegal occupation of CITY property.

43. The ongoing construction of the Border Barrier impedes and blocks free access to a significant portion of CITY property. This is because the Border Barrier is a physical blockade which interferes with the CITY's exclusive possession of its property.

44. By construction of the Border Barrier, Defendants have taken, commandeered and otherwise exercised control and dominion over the CITY's

property.

45. Defendants acted intentionally while knowing, or having to reason to know, that Defendants did not have authorization to act in a manner that would cause injury to the CITY's property.

46. Defendants' conduct caused and continues to cause harm to the CITY.

47. Defendants have a duty to act to correct and remediate the injuries their conduct has introduced, and each and every day on which Defendants fail to do so constitutes a new and ongoing injury to the CITY.

48. As a direct and proximate result of Defendants' trespass, the City has suffered, and continues to suffer injury.

49. The intentional and ongoing trespass on CITY property should be enjoined by a temporary restraining order, and preliminary and permanent injunction.

## SECOND CAUSE OF ACTION
### Public Nuisance

50. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated here.

51. Both California and Federal law furnishes a cause of action to abate a public nuisance, which is defined in California Civil Code Section 3480 and case law. (*Diamond S.J. Enterprise, Inc. v. City of San Jose*, 100 F. 4th 1059 (2024).)

52. The CITY may bring this claim seeking injunctive relief for the Defendants' continuing public nuisance pursuant to the waiver of sovereign immunity granted under section (702 of the APA. 5 USC § 702.)

53. In addition, California Code of Civil Procedure section 731 expressly provides the CITY with the right to seek injunctive relief to abate public nuisances that violate its ordinances and/or that endanger public health and safety.

54. Defendants' ongoing illegal construction of the Border Barrier on CITY property substantially and unreasonably interferes with the CITY's right to

exercise control and dominion over its own property.

55. Defendants' illegal construction of this Border Barrier substantially and unreasonably interferes with the CITY's right to enforce its own ordinances and/or provide for the general health, safety, and welfare of its residents as well as its obligations to comply with environmental agreements and regulations.

56. Defendants' construction of the Border Barrier is injurious to human, animal, and environmental health.

57. Defendants' conduct caused and continues to cause harm to the CITY.

58. The City has suffered and will continue to suffer injury as a result of Defendants' actions.

59. Defendants knew, or should have known, that their construction of the Border Barrier would seriously and unreasonably interfere with the ordinary comfort, use, and enjoyment of the Subject Property.

60. As a direct and proximate result of Defendants' creation of a public nuisance, the CITY has suffered, and continues to suffer, significant injuries, including incurring substantial current and anticipated costs to monitor, assess, and analyze the damage and adverse environmental impacts on CITY property.

61. The Defendants' illegal construction of this fence constitutes a continuing public nuisance that is inimical to the public's health and welfare and may be enjoined by injunctive relief.

## THIRD CAUSE OF ACTION

### Violation of the Administrative Procedure Act ("APA")

### (Excess of Statutory Authority)

62. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated herein.

63. The APA provides that federal courts shall "hold unlawful and set aside agency action" that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." (5 U.S.C. § 706(2)(A).)

64. The CITY may bring this claim seeking injunctive relief due to Defendants' violation of section 706(2)(C) of the APA pursuant to the waiver of sovereign immunity granted under section 702 of the APA. 5 USC § 702.

65. Federal agencies have no power to act unless and until Congress expressly confers power upon them to do so. (*Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986).)

66. Defendants enforce federal immigration laws pursuant to the statutory authority conferred by the Immigration and Nationality Act (the "INA"). 8 U.S.C. § 1101, *et seq*. Secretary Noem is charged with the administration and enforcement of the INA and she exercises control and supervision over all DHS employees. (8 U.S.C. § 1103(1).)

67. Defendants rely on Executive Order 141,164 (entitled "Securing Our Borders" and dated January 20, 2025) and section 102(a) of Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), as amended, for authority to install physical barriers in the vicinity of the international border.

68. No federal agency or official has ever sought to acquire legal title to the Subject Property at the location of the Border Barrier, whether through agreement, purchase or institution of a condemnation proceeding.

69. No authorizing federal authority allows any federal agency to install physical barriers on property that is not held by the federal government.

70. As such, in illegally constructing this Border Barrier on CITY property without notice, without permission, and in violation of the law, Defendants have acted without statutory authority.

71. Defendants are not just acting without statutory authority, but are in fact violating their own statutory authority, policies, and procedures.

72. Defendants' policy and practice of illegally constructing the Border Barrier on the Subject Property is without legal authority and exceeds their statutory jurisdiction or authorization.

73. Defendants' policy, and practice of illegally constructing the Border Barrier on and across the Subject Property is a "final agency action" within the meaning of the APA. *See Bennett v. Spear*, 520 U.S. 154, 178 (1997) (final agency actions "mark the 'consummation' of agency's decision-making process" and are ones "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow'").

74. Defendants' illegal construction of this Border Barrier is an action from which "rights or obligations have been determined" and from which "legal consequences" will flow because Defendants have physically taken, commandeered, and are otherwise illegally occupying CITY property and the CITY no longer can fully access or use its own property.

75. Defendants' actions taken in excess of and in violation of their statutory authority have harmed and continue to harm the CITY's interests and rights to exercise dominion and control over its own property and provide for the general health, safety, and welfare of its residents.

## FOURTH CAUSE OF ACTION

### Violation of the Administrative Procedures Act

### (Contrary to Constitutional Rights)

76. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated herein.

77. The APA provides that federal courts shall "hold unlawful and set aside agency action" that is "contrary to constitutional right, power, privilege, or immunity." (5 U.S.C. § 706(2)(B).)

78. The CITY may bring this claim seeking injunctive for the Defendants' violation of section 706(2)(B) of the APA pursuant to the waiver of sovereign immunity granted under section 702 of the APA. (5 USC § 702.)

79. The U.S. Constitution's Fifth Amendment states that no person shall be "deprived of life, liberty, or property, without due process of law; nor shall

private property be taken for public use without just compensation."

80. In illegally constructing the Border Barrier and its adjacent sidewalks without permission and without notice to the CITY, Defendants have deprived the CITY of its property without due process of law.

81. In addition, in illegally constructing the Border Barrier without permission and without notice, Defendants have "taken" the CITY's private property "for public use, without just compensation."

82. Defendants' policy and practice of illegally constructing and maintaining the Border Barrier is a "final agency action" within the meaning of the APA.

83. Defendants' construction of this Border Barrier is an action from which "rights or obligations have been determined" and from which "legal consequences" will flow because the Defendants have physically taken, commandeered, and are otherwise illegally occupying CITY property without due process of law, and the CITY no longer can access or use its own property and has no means to reclaim same.

84. Defendants' illegal construction of this Border Barrier constitutes an inverse condemnation of municipal property and an unconstitutional taking and deprivation of property without due process, in violation of the U.S. Constitution's Fifth Amendment. It is therefore agency action that is "contrary to constitutional right, power, privilege, or immunity" as specified in 5 U.S.C § 2(B).

85. Defendants' actions have harmed and continue to harm the CITY's constitutional interests and rights to exercise dominion and control over its own property, and provide for the general health, safety, and welfare of its residents.

/ / /

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(D)**

**(Failure to Observe Required Procedures)**

86. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated herein.

87. The APA provides that federal courts shall "hold unlawful and set aside agency action" that is "without observance of procedure required by law." (5 U.S.C. § 706(2)(B).)

88. The CITY may bring this claim seeking injunctive for Defendants' violation of section 706(2)(D) of the APA pursuant to the waiver of sovereign immunity granted under section 702 of the APA. (5 U.S.C § 702.)

89. Defendants' policy, and practice of illegally constructing the Border Barrier is a final agency action that constitutes a substantive rule.

90. Defendants' decision to implement that substantive rule without submitting it to notice and comment did not observe the procedure required by law.

91. Defendants' actions have harmed and continue to harm the CITY's constitutional interests and rights to exercise dominion and control over its own property, and provide for the general health, safety, and welfare of its residents.

**SIXTH CAUSE OF ACTION**

**Violation of the Administrative Procedures Act**

**(Arbitrary and Capricious)**

92. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated herein.

93. The APA provides that federal courts shall "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (5 U.S.C. § 706(2)(A).)

94. The CITY may bring this claim seeking injunctive for the Federal Defendants' violation of section 706(2)(A) of the APA pursuant to the waiver of

sovereign immunity granted under section 702 of the APA. (5 USC § 702.)

95. Defendants' erection of the Border Barrier constitutes a "final agency action" within the meaning of the APA.

96. "An agency action qualifies as 'arbitrary' or 'capricious' if it is not 'reasonably explained.'" *Ohio v. EPA*, 603 U.S. 279, 292 (2024) (quoting *FCC v. Prometheus Radio Project,* 592 U.S. 414, 423 (2021)). Therefore, a court must "ensure, among other things, that the agency has offered 'a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made.'" Id. (quoting M*otor Vehicles Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983)). "[A]n agency cannot simply ignore 'an important aspect of the problem'" addressed by its action. *Id*. at 293.

97. Defendants' illegal construction of this Border Barrier is arbitrary and capricious in that it was illegal, it was done without permission, and it was done without notice.

98. Defendants provide no reasoned explanation for their egregious actions of constructing the Border Barrier on CITY property. Through their actions, Defendants ignore essential aspects of the "problem" at issue.

99. Defendants' illegal construction of this Border Barrier is an action from which "rights or obligations have been determined" and from which "legal consequences" will flow because the CITY no longer has the ability to access or use its own property and because the actions have caused and will continue to cause property and environmental damage.

100. Defendants' erection of this Border Barrier, without permission, without notice, without explanation or justification, and in violation of law, as detailed herein, was and is arbitrary, capricious, and an abuse of discretion in violation of section 706(2)(A) of the APA.

/ / /

101. Defendants' arbitrary and capricious actions have harmed and continue to harm the CITY's interests and rights to exercise dominion and control over its own property, and provide for the general health, safety, and welfare of its residents.

102. Defendant's arbitrary and capricious actions have harmed, and continue to harm, the CITY.

## SEVENTH CAUSE OF ACTION

### *Ultra Vires* Act

103. The CITY incorporates by reference each preceding paragraph in this Complaint as though fully restated herein.

104. In the alternative, if Defendants' construction of this fence on CITY-owned property was not a final agency action, then their construction of it, was and is an *ultra vires* action.

105. As the owner of the Subject Property, Defendants' *ultra vires* actions have irreparably harmed and continue to harm CITY's interests and rights to exercise dominion and control over its own property and provide for the general health, safety, and welfare of the public.

106. The CITY and its injuries fall within the zone of interest sought to be protected by the APA.

107. The CITY seeks non-monetary injunctive and declaratory relief.

108. Therefore, the APA waives the Defendants' sovereign immunity for this *Ultra Vires* claim.

## PRAYER FOR RELIEF

WHEREFORE, the CITY OF SAN DIEGO respectfully requests that this Court grant the following relief:

A. A temporary, preliminary and permanent injunction enjoining Defendants' further trespass upon CITY property in Marron Valley;

///

B.     A temporary, preliminary and permanent injunction ordering all Defendants to cease and desist from any further construction of fencing, walls, surveillance equipment, or other similar activities on CITY property in Marron Valley;

C.     A declaration of rights related to CITY ownership and permissible use of the CITY's lands at the border *vis a vis* construction of any form of border barrier on CITY lands;

D.     A declaration that Defendants' acts described herein is unconstitutional and invalid on its face, and violate the APA;

E.     Award the CITY reasonable attorneys' fees and costs; and

F.     Such other relief as the Court deems just and proper.

Dated: January 5, 2026          HEATHER FERBERT, City Attorney

By */s/ Ian G. Williamson*
Ian G. Williamson
Deputy City Attorney

Attorneys for Plaintiff
CITY OF SAN DIEGO

## DEMAND FOR JURY TRIAL

To the extent it is permitted by law, the CITY OF SAN DIEGO hereby demands a jury trial.

Dated: January 5, 2026          HEATHER FERBERT, City Attorney

By */s/ Ian G. Williamson*
Ian G. Williamson
Deputy City Attorney

Attorneys for Plaintiff
CITY OF SAN DIEGO